## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **AMERICAN VAPOR, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **ARTISAN VAPER LLC,** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff, American Vapor, Inc. ("American Vapor"), files its Original Complaint against Defendant, Artisan Vaper LLC ("Defendant"), and would respectfully show the Court the following:

### Parties

1.      American Vapor is a Texas corporation with a principal place of business at 2100 Regency Drive, Irving, Texas 75062.

2.      Artisan Vaper LLC is a limited liability company organized and existing under the laws of the State of Colorado with a principal place of business at 1348 Academy Blvd. N., Colorado Springs, Colorado 80909.  Artisan Vaper LLC has a registered agent for service of process, namely, Lara H. Cooper, 1348 Academy Blvd. N., Colorado Springs, Colorado 80909.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121 because this case arises under the Trademark Act of 1946, *as amended*, 15 U.S.C. § 1051 *et seq.*

5. This Court has jurisdiction over the unfair competition claim under the provisions of 28 U.S.C. § 1338(b), because this claim is joined with substantial and related claims under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

6. This Court has supplemental jurisdiction over the claims which arise under the laws of the State of Texas pursuant to 28 U.S.C. § 1367(a), as the claims are so related to the Federal Claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Venue lies properly in this judicial district and division under the provisions of 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in this district and, thus, is deemed to reside in this district and because the claims and causes of action arose through acts Defendant committed in this District and Division.

### Factual Allegations

8. For years and prior to the acts of Defendant which are the subject of this Complaint, American Vapor has offered and continues to offer for sale electronic cigarettes and accessories, including e-liquids used in electronic cigarettes, across the United States, including in this District and Division. The goods and services of American Vapor are provided in association with one or more of the trademarks, including "ARTISAN VAPOR COMPANY™," "THE ARTISAN VAPOR COMPANY®" and design, and "ARTISAN VAPOR™" (collectively, the "ARTISAN VAPOR Marks"), among others.

9. American Vapor is the owner of Federal Trademark Registration No. 4,746,428 on the Principal Register for the trademark "THE ARTISAN VAPOR COMPANY®" and design for "electronic cigarette liquid (e-liquid) comprised of propylene glycol; electronic cigarette liquid (e-liquid) comprised of vegetable glycerin" in Class 1 and "electronic cigarettes" in class 34. A

copy of the registration is attached as Exhibit A and a copy of the Mark is shown below.  The Mark

has been used continuously since its date of first use, which was at least as early as February 1,

2013.  The registration is valid and subsisting, uncancelled and unrevoked.



10.     American Vapor is the owner of common law rights in the trademarks

"ARTISAN VAPOR COMPANY™" and "ARTISAN VAPOR™" for electronic cigarette liquid

(e-liquid) comprised of vegetable glycerin or propylene glycol, electronic cigarettes, and retail

store services featuring electronic cigarettes and electronic cigarette liquids.  The Mark has been

used continuously since its date of first use, which was at least as early as January 2013.

11.     Prior to the acts of Defendant complained of herein, American Vapor has expended

a substantial amount of money, energy, time and effort in continuously advertising and promoting

the ARTISAN VAPOR Marks in connection with its goods and services.  American Vapor

continues to advertise and promote its goods and services to the trade and the public.

12.     As a result of the care and skill exercised by American Vapor in the conduct of its

business, by extensive advertising, and through the continuous marketing of goods and services

under the ARTISAN VAPOR Marks, American Vapor has acquired a reputation for high quality.

13.     American Vapor is now known in the marketplace as the exclusive source of

goods and services bearing the ARTISAN VAPOR Marks.  The ARTISAN VAPOR Marks have

acquired wide notoriety and symbolize the goodwill which American Vapor has created.

Consequently, the ARTISAN VAPOR Marks constitute valuable assets of American Vapor. Growth and continuation of American Vapor's business depends in part, upon the unique and distinctive nature of the ARTISAN VAPOR Marks and on the reputation and goodwill symbolized thereby.

14.    Upon information and belief, Defendant has adopted and used one or more marks including the words "ARTISAN VAPER" (the "Infringing Marks") in association with the sale of electronic cigarette liquid and electronic cigarettes in or about August 2015, throughout the United States and Texas including in this District and Division.  An example of advertising bearing the Infringing Marks is attached as Exhibit B.  Images of the Infringing Marks are shown below.




15.    At no time has American Vapor authorized or approved Defendant's sale, offer for sale, distribution, or advertising of goods or services under either of the Infringing Marks. American Vapor has notified Defendant that its actions constitute trademark infringement and unfair competition.  Yet, Defendant has continued to sell its goods and services under the Infringing Marks.

## Count I
## Federal Trademark Infringement
### *(15 U.S.C. § 1114(1))*

16.     American Vapor repeats and realleges the allegations of Paragraphs 1 through 15 as if fully set forth herein.

17.     Defendant has infringed the "THE ARTISAN VAPOR COMPANY®" and design mark in violation of 15 U.S.C. § 1114(1)(a), by conducting various acts without the consent of American Vapor, including use in commerce of a reproduction, counterfeit, copy or colorable imitation of the "THE ARTISAN VAPOR COMPANY®" and design mark and selling, and offering for sale, goods and services under the Infringing Marks which are likely to cause confusion, or to cause mistake or to deceive consumers.

18.     Defendant has also infringed the "THE ARTISAN VAPOR COMPANY®" and design mark in violation of 15 U.S.C. § 1114(1)(b), by conducting various acts without the consent of American Vapor, including using a reproduction, copy or colorable imitation of the "THE ARTISAN VAPOR COMPANY®" and design mark, namely, the Infringing Marks, on webpages, labels, signs, prints, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods and services in a manner likely to cause confusion, to cause mistake, or to deceive consumers.

19.     On information and belief, Defendant's acts of trademark infringement are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to American Vapor and its property rights in the "THE ARTISAN VAPOR COMPANY®" and design mark, and to cause confusion, mistake and deception.

## Count II
## False Designation of Origin
### (15 U.S.C. § 1125(a))

20.     American Vapor repeats and realleges the allegations of Paragraphs 1 through 19 as if fully set forth herein.

21.     For many years, and since prior to the acts of Defendant, American Vapor has continuously marketed and sold goods and services under the ARTISAN VAPOR Marks.

22.     Since prior to the acts of Defendant, American Vapor has expended a substantial amount of money in continuously advertising and promoting the ARTISAN VAPOR Marks in connection with its goods and services.  American Vapor continues to advertise and promote its goods and services to the trade and to the public under the ARTISAN VAPOR Marks.

23.     Since prior to the acts of Defendant, American Vapor has acquired a fine reputation because of its uniformly high quality of goods and services sold under the ARTISAN VAPOR Marks and because of its extensive advertising and sales.  As a result, goods and services associated with the ARTISAN VAPOR Marks have been and are now recognized by the public and the trade as originating from a single source, namely, American Vapor.

24.     Because of the inherent distinctiveness of the ARTISAN VAPOR Marks and/or because the marks have acquired a secondary significance in the industry, the ARTISAN VAPOR Marks have come to indicate a single source, namely American Vapor, for its goods and services.

25.     Defendant's acts are in violation of 15 U.S.C. § 1125(a)(1)(A) because Defendant has used one or more trademarks in commerce, namely the Infringing Marks, in association with its goods and services, which constitutes a false and misleading description and representation of fact and which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation,

connection or association of Defendant with American Vapor, or as to the origin, sponsorship or approval of Defendant's goods and services.

26.    Defendant's acts are in violation of 15 U.S.C. § 1125(a)(1)(B) because Defendant has used, in connection with goods and services, in commerce, words, terms, names, symbols and devices and combinations thereof and false, misleading descriptions of fact in commercial advertising and promotions which misrepresent the nature, characteristics, and qualities of Defendant's goods, services, and/or commercial activities.

27.    On information and belief, Defendant's acts of false designation of origin are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to American Vapor and its property rights in the ARTISAN VAPOR Marks, and to cause confusion, mistake and deception.

<u>Count III</u>
<u>Injury to Business Reputation and Dilution</u>
(*Tex. Bus. & Com. Code Ann. § 16.103*)

28.    American Vapor repeats and realleges the allegations in Paragraphs 1 through 27 as if fully set forth herein.

29.    Beginning at least as early as January 2013, American Vapor adopted and used at least one of the ARTISAN VAPOR Marks in association with its goods and services.  The ARTISAN VAPOR Marks have been used by American Vapor or those under its supervision and authority continuously since the respective first use date of each trademark.

30.    The ARTISAN VAPOR Marks are each famous and inherently distinctive and/or have acquired distinctiveness.  At least one of the ARTISAN VAPOR Marks has been registered on the Principal Register of the United States Patent and Trademark Office and each has been used extensively throughout the State of Texas.

31.     Defendant has adopted and used one or more trademarks in commerce, namely the Infringing Marks, that are likely to cause dilution of the distinctive quality of one or more of the ARTISAN VAPOR Marks.  The use of the Infringing Marks is likely to create confusion and induce consumers to believe that the goods and services offered by Defendant are actually those of American Vapor or connected or associated with American Vapor.  Moreover, the distinctive quality of the ARTISAN VAPOR Marks will be blurred and tarnished through the actions of Defendant.  Accordingly, Defendant's conduct violates the Texas Trademark Act.

32.     On information and belief, Defendant's violations of the Texas Trademark Act are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to American Vapor and its property rights in the ARTISAN VAPOR Marks, and to cause confusion, mistake and deception.

<u>**Count IV**</u>
<u>**Unfair Competition**</u>
*(Texas Common Law)*

33.     American Vapor repeats and realleges the allegations in Paragraphs 1 through 32 as if fully set forth herein.

34.     American Vapor has adopted and used one or more of the ARTISAN VAPOR Marks for use on and in connection with its goods and services since at least as early as January 2013 and has used the marks continuously since their respective dates of first use.  The ARTISAN VAPOR Marks identify American Vapor as a sole source of goods and services offered by American Vapor and distinguishes those goods and services from many others.

35.     As a result of the care and skill exercised by American Vapor in the conduct of its business and particularly in the maintenance of high quality goods and services, by its extensive advertising, and by the extensive and continuous marketing of goods and services throughout the

industry, the goods and services offered under the ARTISAN VAPOR Marks have acquired a reputation for high quality.  As a result of these efforts by American Vapor, consumers and the industry recognize the ARTISAN VAPOR Marks to identify American Vapor exclusively as a source of high quality goods and services.  The ARTISAN VAPOR Marks have acquired wide notoriety and symbolize the goodwill which American Vapor has created by the sale of dependable and high quality goods and services.  Consequently, the ARTISAN VAPOR Marks constitute a valuable asset of American Vapor.

36.     Subsequent to the adoption and use one or more of the ARTISAN VAPOR Marks by American Vapor, Defendant began infringing the ARTISAN VAPOR Marks by advertising and selling goods and services under one or more trademarks, namely the Infringing Marks, that are confusingly similar to and creates the same commercial impression as one or more of the ARTISAN VAPOR Marks in Texas.  Such conduct represents unfair competition and misappropriation that is designed to cause confusion and mistake and to deceive consumers into believing that Defendant's goods and services are somehow sponsored by, or associated with, American Vapor.

37.     On information and belief, Defendant has attempted to and has passed off on the public goods and services of Defendant as those of American Vapor.

38.     On information and belief, Defendant's acts of infringement are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to American Vapor and its property rights in the ARTISAN VAPOR Marks, and to cause confusion, mistake and deception.

**Allegations Of Damage**

39.     American Vapor repeats and realleges the allegations in Paragraphs 1 through 38 as if fully set forth herein.

40.     Because of Defendant's actions, American Vapor has suffered and will continue to suffer damage to its business, reputation and goodwill and to endure a loss of sales and profits in an amount yet to be determined.

41.     Because of Defendant's actions, Defendant will be unjustly enriched by profits it has made through the sale of goods and services utilizing the Infringing Marks.

42.     Unless Defendant is enjoined from its actions, American Vapor will suffer irreparable harm, for which there is no adequate remedy at law.

**Demand For Jury Trial**

43.     Pursuant to Federal Rule of Civil Procedure 38(b), American Vapor hereby demands a jury trial.

**Prayer**

WHEREFORE, American Vapor respectfully requests:

44.     That Defendant, its officers, agents, servants, employees, attorneys, confederates and all persons in active concert or participation with it, be enjoined immediately and preliminarily during the pendency of this action, and thereafter perpetually from:

A.      Using the Infringing Marks, or either of them, and any reproduction, counterfeit, copy or colorable imitation of any of the ARTISAN VAPOR Marks in connection with the advertising, selling or offering for sale, any goods or services that are the same, similar, or related to those offered by American Vapor;

B.      Using the Infringing Marks, or either of them, and any reproduction, counterfeit, copy or colorable imitation of the ARTISAN VAPOR Marks in any manner likely to cause confusion, to cause mistake or to deceive;

C.      Selling or passing off, inducing, or enabling others to sell or pass off any goods or services similar to, associated with, or connected with those offered by American Vapor;

D.      Committing any acts, including, but not limited to marketing and advertising, which are likely to cause injury to American Vapor's business reputation and/or blur or tarnish the distinctiveness of any of the ARTISAN VAPOR Marks;

E.      Committing any acts, including, but not limited to marketing and advertising, which are calculated to cause consumers to believe that Defendant's goods or services are American Vapor's goods or services in whole or in part, unless they are entirely such;

F.      Otherwise competing unfairly with American Vapor in any manner, including, but not limited to, usage of the Infringing Marks, or either of them, or any other mark which is confusingly similar to the ARTISAN VAPOR Marks;

G.      Destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, sale or offer for sale of any goods or services bearing the Infringing Marks, or either of them, or any other mark which is confusingly similar to the ARTISAN VAPOR Marks;

45.     That after final hearing Defendant be required to deliver up for destruction or, alternatively, to obliterate the Infringing Marks on its entire inventory of infringing items,

including but not limited to signs, labels, packaging, advertisements, video and audio recordings, literature, correspondence, invoices, catalogs, websites, web pages, domain names, URLs, and electronic advertising of any kind and any other material in its possession bearing the Infringing Marks, or either of them, or any other mark which is confusingly similar to the ARTISAN VAPOR Marks;

46.     That for the next five (5) years, upon ten (10) days notice, American Vapor be permitted to inspect and audit Defendant's inventory and all business records to determine compliance with the Order issued by the Court;

47.     That Defendant be ordered to account and pay over to American Vapor all damages sustained by American Vapor and profits realized by Defendant by reason of Defendant's unlawful acts as alleged herein, that such profits be trebled as provided by law because of the willfulness of Defendant's acts;

48.     That American Vapor be awarded prejudgment and post-judgment interest;

49.     That American Vapor be awarded its costs and reasonable attorney's fees; and

50.     That American Vapor have such other and further relief as the Court deems just and proper.

Dated:  September 21, 2016.                    Respectfully submitted,


                                               s/George R. Schultz
                                               George R. Schultz
                                               Texas State Bar No. 17837500
                                               rschultz@grspc.com
                                               Nicole R. Marsh
                                               Texas State Bar No. 24044653
                                               nmarsh@grspc.com

                                               SCHULTZ & ASSOCIATES, P.C.
                                               5400 LBJ Freeway
                                               Suite 1200
                                               Dallas, Texas 75240
                                               (214) 210-5940 telephone
                                               (214) 210-5941 facsimile

                                               ATTORNEYS FOR PLAINTIFF
                                               AMERICAN VAPOR, INC.